IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELLY WHISBY,
  Plaintiff,

vs.          Case No.: 5:09cv391/SPM/EMT

UNKNOWN NAMED FEDERAL
EMPLOYEES AT MARIANNA FEDERAL
PRISON, et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Second Amended Complaint filed pursuant to 28 U.S.C. § 1331 (Doc. 27).  Plaintiff sues federal actors and seeks monetary damages; therefore, the court construes his complaint as brought under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  Leave to proceed in forma pauperis has been granted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Marrero v. City of Hialeah</u>, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." <u>Weissman v. Nat'l Ass'n of Sec. Dealers</u>, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing <u>Associated Builders, Inc.</u>, 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* <u>Bell Atl. Corp.</u>, *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the Second Amended Complaint, the court concludes that dismissal of this action is warranted.

At the time of the events giving rise to this lawsuit, Plaintiff was an inmate at the Federal Correctional Institution in Marianna, Florida ("FCI-Marianna").[2] Plaintiff appears to name nine Defendants in this action, all of whom he identifies only by his or her official position at FCI-Marianna and the Bureau of Prisons Southeast Regional Office: Senior Correctional Officer, Compound Lieutenant, Captain, three "SIS" Lieutenants, Lieutenant in Special Housing Unit

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] By the time Plaintiff filed the instant lawsuit, he had been transferred to the Duval County Jail (*see* Doc. 1).

("SHU"), Warden, and Regional Director (Doc. 27 at 1–4).[3] Plaintiff alleges that on May 12, 2006, the Senior Correctional Officer in SHU and the Compound Lieutenant denied Plaintiff visitation with four of his family members (*id.* at 9). Plaintiff states that at the time of this denial of visitation, there was no warden or captain at FCI-Marianna (*id.*). Plaintiff contends the Senior Correctional Officer and Compound Lieutenant did not have authority to deny the visitation (*id.*). Plaintiff states the Regional Director arrived at FCI-Marianna but failed to investigate or take action concerning the denial of Plaintiff's visitation (*id.* at 10). Plaintiff states the Captain came to his cell door on several occasions and threatened and harassed him because other officers wrongfully denied Plaintiff visitation on May 12, 2006 (*id.* at 11). Plaintiff also alleges three SIS Lieutenants threatened him and tried to force him to sign a protective custody form (*id.* at 10).

Plaintiff states the SHU Lieutenant is responsible for the conduct of correctional officers in the SHU (*id.* at 10, 11). He states the Captain is in charge of security at the prison and, therefore, is responsible for the conduct of correctional officers (*id.* at 11). He states the warden is responsible for operation of the prison and, therefore, is responsible for the conduct and actions of prison employees (*id.* at 10).

Plaintiff contends the denial of his visitation without providing him a reason was discriminatory and violated his right to be free from cruel and unusual punishment and his due process rights (*id.* at 12). As relief, Plaintiff seeks compensatory and punitive damages (*id.*).

To state a claim for relief pursuant to <u>Bivens</u>, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See, e.g.*, <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See* <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283–84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint

---

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).[4]

The threshold issue with regard to Plaintiff's due process claim is whether Plaintiff had a liberty interest in visitation with family members. Government actions affecting the conditions of prison confinement implicate a prisoner's constitutional rights only where the actions impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See* Sandin v. Conner, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). In the instant case, Plaintiff's loss of visitation privileges was within the ordinary incidents of confinement and cannot be considered an atypical and significant hardship. *See* Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460–61, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989) (holding that an inmate's interest in visitation does not rise to a liberty interest protected under the Due Process Clause); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 525 (11th Cir. 1994) (per curiam) (decision to curtail visitation privileges was discretionary and did not implicate prisoner's constitutional right to due process); *see also* Ware v. Morrison, 276 F.3d 385, 387–88 (8th Cir. 2002) (suspension of prisoner plaintiff's visitation privileges with respect to his wife and two other women did not impose upon plaintiff an atypical and significant hardship). Therefore, Plaintiff's allegations fail to state a due process violation.

Additionally, the facts fail to show a violation of the Eighth Amendment. The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

---

[4] *See* Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions").

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." <i>Id.</i> at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, <u>Helling v. McKinney</u>, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, <i>id.</i> at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. <i>Id.</i> at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." <u>Rhodes</u>, 452 U.S. at 347, 101 S. Ct. at 2399.

<u>Chandler</u>, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component":

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. <u>Hudson</u>, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. <u>Wilson v. Seiter</u>, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, <i>id.</i> at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," <u>Farmer v. Brennan</u>, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the <u>Farmer</u> Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. <i>Id.</i> at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." <i>Id.</i> at 844, 114 S. Ct. at 1982–83.

<u>Chandler</u>, 379 F.3d at 1289–90.

In the instant case, the denial of visitation of which Plaintiff complains is not the type of extreme condition that poses an unreasonable risk of serious damage to Plaintiff's health or safety. Therefore, he has failed to state an Eighth Amendment claim.

Furthermore, Plaintiff's allegations of verbal threats by the three SIS Lieutenants (Plaintiff alleges the Lieutenants threatened him and tried to force him to sign a protective custody form) and the Captain (Plaintiff alleges the Captain came to his cell door and threatened and harassed him on several occasions) do not state constitutional violations. *See* <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures . . . do not, even if true, amount to constitutional violations"); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987); <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979). That a Defendant's threatening remarks may have intruded on Plaintiff's peace of mind and caused him to be afraid does not infringe upon a constitutional right. *See* <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989). In short, "[t]he Constitution does not protect against all intrusions on one's peace of mind." <u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir. 1990). Although other circuit courts have recognized some exceptions to this general rule, namely, where a prisoner alleges he suffered severe psychological harm resulting from a threat to kill accompanied by conduct supporting the credibility of the threat, *see, e.g.*, <u>Northington v. Jackson</u>, 973 F.2d 1518, 1522 (10th Cir.1992) (parole officer's holding gun to prisoner's head while threatening to kill him), <u>Hudspeth v. Figgins</u>, 584 F.2d 1345 (4th Cir. 1978) (guard's threat to kill inmate combined with inmate's subsequent transfer from unsupervised work to work detail supervised by armed guards), or resulting from sexual abuse or harassment, *see* <u>Freitas v. Ault</u>, 109 F.3d 1335, 1338 (8th Cir. 1997), Plaintiff's allegations do not fall into these categories. Therefore, to the extent he asserts an Eighth Amendment claim based upon verbal threats by Defendants, he has failed to state a claim upon which relief may be granted.

Finally, Plaintiff has failed to state an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. <u>City of Cleburne, Tex. v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To establish such a claim, a prisoner may allege that: "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." <u>Jones v. Ray</u>, 279 F.3d 944, 946–47

(11th Cir. 2001) (internal quotations omitted); <u>Damiano v. Fla. Parole & Prob. Comm'n</u>, 785 F.2d 929, 932–33 (11th Cir. 1986). If a suspect classification, such as race, or a fundamental right is implicated, a court must apply strict scrutiny to that claim. *See* <u>Johnson v. California</u>, 543 U.S. 499, 506–07, 125 S. Ct. 1141, 1147, 160 L. Ed. 2d 949 (2005) (holding that strict scrutiny is the appropriate standard of review for racial classifications even in the prison context). If the allegations do not implicate a suspect class, then a court may evaluate only whether there was a rational basis for how the plaintiff was treated. *See* <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). In the instant case, Plaintiff does not allege facts showing that any similarly situated prisoners received more favorable treatment. Therefore, he has failed to state an equal protection claim.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's Second Amended Complaint (Doc. 27) be **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That this action be **DISMISSED** and the clerk be directed to enter judgment accordingly and close the file.

3.      That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 13<u>th</u> day of August 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**